IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Raynara, LLC | Case No.: 24-cv-5973 |
|     Plaintiff, | |
| v. | Judge: Hon. Andrea R. Wood |
| The Partnerships and Unincorporated Associations Identified in Schedule "A", | Magistrate: Hon. Beth W. Jantz |
|     Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION AN EXPEDITED DISCOVERY ORDER**

### I. INTRODUCTION

Plaintiff Raynara, LLC ("Plaintiff") brings this action against Defendants, as identified in Schedule A to the Complaint (collectively, the "Defendants") for patent infringement. Plaintiff respectfully requests that this Court issue, *ex parte*, an order for expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to the manufacture, distribution, offer for sale and sale of counterfeit Plaintiff products and Defendants' financial accounts.

### II. PLAINTIFF IS ENTITLED TO EXPEDITED DISCOVERY

The United States Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)). A district court has wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). Furthermore, courts have broad power over discovery and may permit

1

discovery in order to aid in the identification of unknown defendants. *See* FED. R. CIV. P. 26(b)(2); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

Plaintiff respectfully requests an *ex parte* Order allowing expedited discovery to discover bank and payment system accounts Defendants use for their counterfeit sales operations. The discovery requested on an expedited basis in Plaintiff's Proposed Order has been limited to include only that which is essential to prevent further irreparable harm.

Plaintiff is also requesting expedited discovery so that Plaintiff can learn the contact information and identities of the Defendants so that Plaintiff can effectuate service of process on the Defendants.

Under Federal Rule of Civil Procedure 65(d)(2)(C), this Court has the power to bind any third parties who are in active concert with the Defendants that are given notice of the order to provide expedited discovery in this action. Fed. R. Civ. P. 65. Plaintiff is not aware of any reason that Defendants or third parties can not comply with these expedited discovery requests without undue burden. More importantly, as Defendants have engaged in many deceptive practices in an effort to hide their identities and accounts, Plaintiff requests this expedited discovery to determine the identities of the Defendants and to effectuate service of process on these Defendants. Accordingly, Plaintiff respectfully requests that the expedited discovery be granted.

### III. CONCLUSION

Based upon the foregoing, the Plaintiff respectfully requests an order for expedited discovery allowing the Plaintiff to inspect and copy Defendants' records and materials relating to the infringement, including those held by third-parties.

Dated:  July 26, 2024                                   Respectfully Submitted,

                                                        By:          /s/ Kevin Keener

Kevin J. Keener<br>
ARDC #6296898<br>
Keener & Associates, P.C.<br>
161 N. Clark Street, Suite #1600<br>
Chicago, IL 60601<br>
(312) 523-2164<br>
kevin.keener@keenerlegal.com

3